UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                    :

KARGO, INC., ACK VENTURES HOLDINGS, LLC, :     05 Civ. 10528 (CSH)(DFE)
and UNITED MOBILE TECHNOLOGIES, LLC,

                    :

          Plaintiffs,            Hon. Charles S. Haight

                    :

         - against -         Hon. Douglas F. Eaton

                    :

PEGASO PCS, S.A. DE C.V., PEGASO
TELECOMUNICACIONES, S.A. DE C.V.,    :
TELEFÓNICA MÓVILES MÉXICO, S.A. DE C.V.,
TELEFÓNICA MÓVILES, S.A., and TELEFÓNICA  :
S.A.

                    :

         Defendants.

                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  11/14/06
```

### STIPULATED PROTECTIVE ORDER
### AND CONFIDENTIALITY AGREEMENT

       All the parties to this action having requested that the Court issue a protective

order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and

competitively-sensitive information that may need to be disclosed to adversary parties in

connection with discovery in this case, and the parties having agreed to the following terms, and

the Court having found that good cause exists for issuance of an appropriately-tailored

confidentiality order governing the pretrial phase of this action, it is therefore hereby

       ORDERED that any person subject to this Order -- including without limitation

the parties to this action, their representatives, agents, experts and consultants, all third parties

providing discovery in this action, and all other interested persons with actual or constructive

notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) non-public financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) non-public material relating to ownership or control of any non-public company;

(c) non-public business plans, product development information, or marketing plans;

(d) non-public trade secrets or other research, development, or sensitive commercial information;

(e) any information of a personal or intimate nature regarding any individual; or

(f) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audability, and by also producing for future public use another copy of said Discovery Material with the confidential

- 2 -

information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record, or by written notice within 14 days of receipt of transcript, that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness, not otherwise permitted access to confidential material, who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise

- 3 -

NYC 617989.1 12274 00003 11/1/2006 03:03pm

provide specialized advice to counsel in connection with this action, provided such person has

first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

     (f) stenographers engaged to transcribe depositions conducted in this action;

     (g) copy services; and

     (h) the Court and its support personnel.

     6. Prior to any disclosure of any Confidential Discovery Material to any person

referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a

copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as

an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms.

     7. This Protective Order has no effect upon, and shall not apply to (1) any

producing party's use of its own Confidential Discovery Material for any purpose or (2) any

person's use of documents or other information developed or obtained independently of

discovery employing court process in this action for any purpose.

     8. Nothing herein shall bar or otherwise restrict an attorney, who is counsel for

this action, from rendering advice to his or her client with respect to this action, and in the course

thereof, from generally relying upon his or her examination of Confidential Discovery Material.

In rendering such advice or in otherwise communicating with the client, the attorney shall not

disclose the specific content of any Confidential Discovery Material of another person or party

where such disclosure would not otherwise be permitted under the terms of this Protective Order.

     9. Confidential Discovery Material shall be used solely for purposes of the above-

captioned action and shall not be used for any other purpose during or after such action.

     10. All Confidential Discovery Material filed with the Court, and all portions of

pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery

- 4 -

NYC 617989.1 12274 00003 11/1/2006 03:03pm



Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. While such dispute is pending, the Discovery Material at issue shall be treated as Confidential (or in the event of a request for additional limits on disclosures, consistent with such request for additional limits) under the terms of this Order.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. Inadvertent failure to designate any material which a producing party claims should be Confidential Discovery Material will not be deemed a waiver of the right to make that designation. But no party shall be held in breach of this Protective Order if, in the interim, such

- 5 -

material or information has been disclosed to any person(s) not authorized to receive
Confidential Discovery Material under this Protective Order, or has been used in a manner
inconsistent with this Protective Order.  Upon receipt of such written notice, the party who
received the previously undesignated Confidential Discovery Material shall make all reasonable
efforts under the circumstances (1) to retrieve all such material disclosed to persons other than
those authorized in accordance with Paragraph 5 hereof for access to such information, (2) to
affix appropriate legends to the Confidential Material, as provided in Paragraph 3 hereof, and (3)
to prevent further use or disclosure of the information contained in the previously undesignated
Confidential Material by persons other than those authorized in accordance with Paragraph 5
hereof for access to such information.

15. This Protective Order shall survive the termination of the litigation. Within 30
days of the final disposition of this action, all Discovery Material designated as "Confidential,"
and all copies thereof, upon written request, shall be promptly returned to the producing person,
or, upon permission of the producing person, destroyed.

16. Nothing in this Protective Order shall prevent any party from disclosing its
own confidential information to any person as it deems appropriate, and any such disclosure
shall not be deemed a waiver of any party's rights or obligations under this Protective Order.

17. Nothing in this Protective Order shall constitute: (i) an agreement by the
parties to produce any documents or supply any information or testimony in discovery not
otherwise agreed upon or required by Court order; (ii) a waiver by any person or party of any
right to object to or seek a further protective order with respect to any discovery request in this or
any other action; or (iii) a waiver of any claim of immunity or privilege with regard to any
testimony, documents, or information.

- 6 -

18. Evidence of the existence or non-existence of a designation under this

Protective Order shall not be admissible upon the merits of claims or defenses for any purpose.

19. This Court shall retain jurisdiction over all persons subject to this Order to the

extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

Dated:  New York, New York
         November 1, 2006

Attorneys for Defendants

LEBOEUF, LAMB, GREEN & MACRAE LLP

By: _____
         Thomas G. Rohback, Esq. (TR-4817)
         Brian A. Burns, Esq. (BB-2416)
         125 West 55th Street
         New York, New York
         10019-5389
         (212) 424-8000

Attorneys for Plaintiffs

MOUND COTTON WOLLAN & GREENGRASS
         Philip C. Silverberg, Esq. (PS-8110)
         Gretchen Henninger, Esq. (GH-0035)
         One Battery Park Plaza
         New York, N.Y. 10004
         (212) 804-4200

- 7 -

NYC 617989.1 12274 00003 11/1/2006 03:03pm

GRAYSON & KUBLI, P.C.

By: _____

    Alan M. Grayson, Esq. (pro hac vice)
    Victor A. Kubli, Esq. (pro hac vice)
    1420 Spring Hill Road
    Suite 230
    Mclean, Virginia 22102
    (703) 749-0000
    (703) 442-8672 (facsimile)

SO ORDERED   Nov. 13, 2006

_____
Douglas F. Eaton, U.S. Magistrate Judge

- 8 -

NYC 617989.1 12274 00003 11/1/2006 03:03pm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                            :

KARGO, INC., ACK VENTURES HOLDINGS, LLC, :          05 Civ. 10528 (CSH)(DFE)
and UNITED MOBILE TECHNOLOGIES, LLC,
                                                            :

                    Plaintiffs,                             :          Hon. Charles S. Haight

              - against -                                   :          Hon. Douglas F. Eaton

                                                            :          Non-Disclosure Agreement
PEGASO PCS, S.A. DE C.V., PEGASO
TELECOMUNICACIONES, S.A. DE C.V.,           :
TELEFÓNICA MÓVILES MÉXICO, S.A. DE C.V.,
TELEFÓNICA MÓVILES, S.A., and TELEFÓNICA    :
S.A.
                                                            :

                    Defendants.                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the party or attorney

from whom I received it. By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.


Dated: _____                    _____

                                        - 9 -

Respectfully submitted,

Attorneys for Defendants

LEBOEUF, LAMB, GREEN & MACRAE LLP

By: s/ Brian A. Burns

Thomas G. Rohback, Esq. (TR-4817)
Brian A. Burns, Esq. (BB-2416)
125 West 55th Street
New York, New York
10019-5389
(212) 424-8000


Attorneys for Plaintiffs

MOUND COTTON WOLLAN & GREENGRASS
Philip C. Silverberg, Esq. (PS-8110)
Gretchen Henninger, Esq. (GH-0035)
One Battery Park Plaza
New York, N.Y. 10004
(212) 804-4200

GRAYSON & KUBLI, P.C.

By:

Alan M. Grayson, Esq. (pro hac vice)
Victor A. Kubli, Esq. (pro hac vice)
1420 Spring Hill Road
Suite 230
Mclean, Virginia 22102
(703) 749-0000
(703) 442-8672 (facsimile)

- 10 -